(130 So. 681)
## BIRMINGHAM NEWS CO. v. CRANE.
### 6 Div. 685.

Supreme Court of Alabama.
Nov. 6, 1930.

Fort, Beddow & Ray and Willard McCall, all of Birmingham, for appellee.

FOSTER, J.

Appellee was a news carrier for the Birmingham News from May 13, 1927, to June 1, 1927. On the latter date the News and Age-Herald consolidated, and appellant thereafter published both papers. Appellant claims that a new agreement was made with appellee and all other carriers effective June 1st, to include the morning paper, Age-Herald, as well as the evening paper, with a change of rate to be charged to the carriers. The papers were charged by appellant to the carriers, and they in turn sold and delivered them to the customers, and collected from them. It is claimed that appellee has not paid his account in full. He claims that he did not receive the copies of the Age-Herald or deliver them or collect for them, nor that he agreed to do so.

The evidence of the new agreement was undisputed to the effect that, prior to June 1st, appellant had a meeting of the carriers, when appellee was present and advised them of the consolidation, and that they would, beginning June 1st, take and deliver both papers, changing the prices to be charged the carriers for the papers, daily and Sunday. They were told that, if they had any objection, they could state it, or could resign then, if they wished. Appellee made no objection, and did not resign, but continued to deliver the News, if not the Age-Herald. But he testified that he told Mr. Teague, the manager of the circulation department, on several occasions afterwards that he was not going to carry the Age-Herald. This was denied by Mr. Teague.

■■ It is quite correctly stated by counsel that appellee must accept or reject the proposal as a whole, and could not accept and act on a portion rejecting the balance without the consent, express or implied, of appellant. If he continued, in the face of such proposal, to accept delivery of the News, but

R. Du Pont Thompson and Walter S. Smith, both of Birmingham, for appellant.

48

not the Age-Herald, it would bind him for the price of the Age-Herald also, unless appellant had notice of his rejection. He admits he had knowledge of the proposal, and expressed no dissent at the time, though he still claims under the terms of his old contract. There is no conflict but that a certain number of copies of the Age-Herald were placed on his route and delivered to customers by the boys who assisted with the News. This situation would not make him responsible for the contract price of the Age-Herald, if he, as he claims, notified appellant that he would not accept and deliver them, unless they were delivered to the customers for him or under his direction. As to this there was a conflict in the evidence. The boys testified that they delivered the Age-Herald for him, and they and he made collections for such deliveries, and they gave him the funds they collected. If this evidence is true, he would be due to pay for such copies of the Age-Herald, and, if he has not done so, a verdict in some amount was due appellant. Charge 12, requested by appellant, sought the benefit of this principle. We do not find that its substance is embraced in the oral charge, nor in any written one given by the court to the jury. Appellant was entitled to have that claim passed on by the jury. Charge No. 12 properly presented it, and we think there was error in its refusal.

It is also claimed that appellant was entitled to the affirmative charge, because, even though there should be no charge for the Age-Herald, there is shown by the uncontradicted facts to be something due. We cannot affirm this from the record, since appellee testified that he does not owe anything to appellant, and that he paid up his account when he left the route, and had never acknowledged the correctness of an account showing a balance unpaid, and no such account is correct. His examination, cross or direct; did not show the basis of this claim, nor otherwise disclose that it was not predicated upon a just contention on his part. He was not examined in detail about it. It may have been based upon a denial of credits or debits, or both. But, in the face of such testimony which does not impeach itself, we cannot say that there was no evidence that the account was paid.

As the judgment must be reversed, we need not pass on the ruling on motion for a new trial.

Refused charges 7, 8, 11, and 13 appear to be sufficiently embraced either in the oral charge or in those given at the instance of appellant.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.